CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/14/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **COREY J. OSBORNE,** *Plaintiff* | ) ) ) |
| v. | ) ) CIVIL CASE NO. **6:20CV00079** |
| **WAL-MART STORES EAST, LP** | ) ) **JURY TRIAL DEMANDED** |
| and | ) ) |
| **WAL-MART STORES EAST, INC.** *Defendants.* | ) ) ) |

## COMPLAINT

Plaintiff Corey J. Osborne moves for judgment against Defendants, Wal-Mart Stores East, LP and Wal-Mart Stores East, Inc.; and as grounds therefore, states as follows:

### SUMMARY

1. This is a suit for retaliation and discrimination on the basis of race (Black) for termination of employment authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

3. Venue is proper in the Court and in its Lynchburg Division because all acts relevant to this Complaint occurred in the City of Lynchburg and within the Western District of Virginia.

## PARTIES

4. Plaintiff Corey J. Osborne "Mr. Osborne" is a resident of Virginia.

5. Defendant Wal-Mart Stores East, LP is Delaware limited partnership that is authorized to do business in Virginia and owns the Wal-Mart Supercenter on Wards Road in the City of Lynchburg, Virginia. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808.

6. Defendant Wal-Mart Stores East, Inc. is a Delaware corporation that is the sole general partner in Wal-Mart Stores East, LP. Its registered agent is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060-6808.

## FACTS

7. Mr. Osborne timely filed a charge of discrimination with the Equal Employment Opportunity Commission; received a notice of right to sue dated September 15, 2020; and files this action within 90 days of receipt of the notice of right to sue.

8. Defendants Wal-Mart Stores East, LP. and Wal-Mart Stores East, Inc. do business throughout Virginia by operating Walmart stores, supercenters, distribution centers and other businesses.

9. Mr. Osborne was hired by the defendants as an Asset Protection Associate on or about November 14, 2017.

10. Mr. Osborne is Black and, as such, is a member of protected class as contemplated by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*.

11. Mr. Osborne engaged in protected activity when he participated as a witness in a co-worker's employment discrimination complaint.

12. In or around July, 2019 and November, 2019, Defendant filled two Asset Protection Manager positions. Mr. Osborne was qualified for both of these positions; and though either of these positions would have involved a promotion for Mr. Osborne, he was not considered for them. Indeed, Mr. Osborne did not have the opportunity to apply for either position because neither was posted. The positions were filled by two White individuals who were not employed by the defendants at the time of their selections.

13. During almost the entire term of Mr. Osborne's employment by the defendants, the workplace was permeated by anti-Black racist comments and jokes made by management employees. For example, management officials Ryan Fisher and Michael Hildreth, in addressing Mr. Osborne, referred to customers of color as "your people" and often told Mr. Osborne to "go watch your people" or "your people are acting crazy out in the store." On several occasions, Mr. Fisher removed Mr. Osborne from surveillance of White shoplifting suspects and directed him to observe customers of color instead; which resulted in increased shoplifting by White customers. In addressing Mr. Osborne, management official James Hornsby also referred to Black customers as "your people." In or around April, 2020, Mr. Hornsby stated to Mr. Osborne and another Black Asset Protection Associate, "I'm glad I got you two. Now you can start catching some of your people." Mr. Fisher, who was present when Mr. Hornsby made the comments, laughed.

14. Mr. Osborne reported the anti-Black racist comments and jokes to his supervisor, Michael Berry, who left the room upon hearing the allegations and declined to investigate them further.

15. This anti-Black hostile work environment was severe and pervasive.

16. The defendants knew of this anti-Black hostile work environment, and the defendants should have implemented a prompt and effective remedy.

17. On or about May 11, 2020, at the request of a Customer Service Manager, who is White, Mr. Osborne witnessed the Customer Service Manager checking the receipt of a customer.

18. In accordance with the defendants' policy, Mr. Osborne did not approach the customer or her vehicle; but, instead, stood on the sidewalk and observed the Customer Service Manager checking the receipt.

19. Shortly thereafter, the customer complained that Mr. Osborne looked intimidating while the Customer Service Manager checked the receipt.

20. On May 21, 2020, Mr. Osborne's employment was terminated ostensibly for "gross misconduct."

21. The employment of the Customer Service Manager, who is White, was not terminated.

22. Since his termination, the Commonwealth of Virginia has issued multiple subpoenas for Mr. Osborne to appear in courts to testify in cases involving Mr. Osbornes's employment by the defendants. These subpoenas have been served upon the defendants.

23. The defendants refused to comply with Mr. Osborne's repeated requests to notify him of all of these subpoenas. Consequently, on October 6, 2020, Defendant was not given notice of the court dates and so he did not appear in the Lynchburg General District Court (Criminal Division) and the judge in that court issued a criminal Show Cause Summons against Mr. Osborne. The criminal case is pending.

24. The defendants have not paid Mr. Osborne for his time and travel expenses for appearing

in courts in response to these multiple subpoenas. Thus, the defendants continue to retaliate against Mr. Osborne even after unlawfully terminating his employment.

## CAUSE OF ACTION

25. The defendants violated Mr. Osborne's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* by subjecting him to a hostile work environment based on race; failing to select him for promotion based on race and reprisal; and terminating his employment based on race and reprisal. There was no legitimate reason to terminate Mr. Osborne's employment.

26. The termination of his employment was imposed with malice or reckless, deliberate indifference to the federally protected rights of Mr. Osborne.

27. The defendants' conduct was outrageous and intolerable.

## DAMAGES

28. As a direct and proximate result of the defendants' actions, Mr. Osborne has suffered and continues to suffer loss of pay and benefits; has suffered and continues to suffer damage to his professional reputation; and has suffered and continues to suffer severe emotional and psychological distress.

29. The defendants are liable for compensatory and punitive damages.

WHEREFORE, Mr. Osborne demands judgment against the defendants, jointly and severally, for injunctive and equitable relief, reinstatement, back pay, compensatory and punitive damages, together with pre-judgment interest,- costs and reasonable attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

Respectfully submitted,

**COREY J. OSBORNE**
By Counsel

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**
**mvalois@vbclegal.com**

By: **/s/ M. Paul Valois**
   **M. Paul Valois, Esquire**
   **Counsel for Plaintiff**
   **Virginia State Bar No. 72326**