

## Section 700 – Key Terms

Key Terms

This section contains definitions of key terms with which authorized associates must be completely familiar in order to apply AP-09 correctly.

Authorized Associates. Authorized associates are those associates who are authorized by AP-09 to surveil, investigate and/or detain suspects. Associates filling the following positions are considered to be authorized associates: A Store/Club Manager, Co-Manager, Assistant Manager, Asset Protection Manager, Hourly Support Manager, or an Asset Protection Associate.

Concealment. Concealment is the second of the five elements required to establish that an unlawful taking has occurred. Concealment occurs when a suspect intentionally hides from the view of Walmart associates merchandise for which the suspect has not paid. Concealment tends to prove that a suspect consciously intended to shoplift merchandise. A suspect who removes unpaid-for merchandise from a facility without concealing it could argue that his or her conduct was accidental. See "Dispossession" for another way in which a suspect may demonstrate intent to steal.

Continued Possession of Merchandise. Continued possession of merchandise is the third of the five elements required to establish that an unlawful taking has occurred. Continued possession means that the suspect has maintained possession of the merchandise from the point at which the suspect conceals or dispossesses the merchandise through the point at which an authorized associate approaches the suspect to conduct an investigation.

Detention (Authorized Methods). AP-09 allows authorized associates to detain suspects for a reasonable period of time, in a reasonable manner, using five approved methods: Verbal Request, Verbal Command, Physical Redirection, and Restraint. After approaching the suspect, the authorized associate should complete the investigation in order to determine whether to release the suspect or continue the detention in accordance with this policy. The purpose of detention is to enable the facility to complete its investigation, retrieve the facility's merchandise, and/or refer the suspect to local law enforcement authorities. If the suspect flees upon being approached or during the course of the investigation, the authorized associates may not pursue the suspect in accordance with AP-09.

Dispossession. Dispossession is the second of the five elements required to establish that an unlawful taking has occurred. Dispossession occurs when a suspect takes some action that demonstrates the suspect intends to deprive Walmart of merchandise for which the suspect has not paid. Usually the suspect's purpose in undertaking this action will be to deceive Walmart associates into believing that the suspect actually owns the merchandise taken. For example, the suspect could remove the tag from a jacket or other item of clothing and attempt to wear it out of the facility. Dispossession tends to prove that a suspect consciously intended to shoplift merchandise. A suspect who



removes unpaid-for merchandise from a facility without an act of dispossession could argue that his or her conduct was accidental. See "Concealment" for another way in which a suspect may demonstrate intent to steal.

Five Elements. The five elements are the five acts that a suspect must complete in order to establish that the suspect has engaged in an unlawful taking of Walmart merchandise, as defined in AP-09. The legal standard for when an unlawful taking has occurred may differ by state and may not require all five elements. The five elements are: (1) Alert Signal; (2) Selection; (3) Concealment/Dispossession; (4) Continued Possession; and (5) Passing the Last Point of Sale. Each is defined separately in this section. Establishing the five elements helps to provide the reasonable cause or probable cause necessary to approach and investigate the actions of a shoplifter suspect.

Good Faith Belief in Guilt of Suspect. Before initiating prosecution, the facility manager should have a good faith belief that sufficient evidence exists to prove that the suspect committed an unlawful taking. In order to reach this conclusion, the facility manager should review the evidence to ensure that authorized associates established that the suspected completed each of the five elements. If any of the five elements is missing, the facility manager should carefully consider whether prosecution for shoplifting is appropriate. Note that prosecution for other crimes, such as assault or destruction of property, may still be appropriate.

Passing the Last Point of Sale. Passing the last point of sale is the fourth of the five elements required to establish that an unlawful taking has occurred. This element consists of: *The suspect must pass the last point of sale, fail to pay for the merchandise, and enter the vestibule or final point of exit*. If the suspect is detained after passing internal cash registers, but before entering the vestibule or final point of exit, the suspect might still argue that he or she still intended to pay, but wanted to visit tenant shops or the restrooms first. In contrast, if the suspect is detained outside the facility, but before a point of sale on the sidewalk, the suspect could argue that he or she intended to pay at the register on the sidewalk.

Physical Redirection.  This is the third authorized method of detention. Physical  redirection means that authorized associates should motion in a non- aggressive manner in  the direction they would like a suspect to proceed.  If  that is unsuccessful, the authorized associate may utilize respectful, light physical contact  in directing the suspect toward the AP office or other location.

Pursuing a Fleeing Suspect. AP-09 prohibits associates from pursing a suspect for more than 10 feet beyond the point they are located when the suspect begins to run inside of outside the facility. 10 feet is about three long steps. A suspect may, however, be followed to gather identifying information so long as it can be done from a safe distance and without putting others at risk. A vehicle description, license plate number, or direction of flight may be obtained if it can be accomplished from a safe distance and without putting yourself, other associates, or customers at risk. This ability to follow does not extend beyond Walmart property.

Put People First. Protecting the physical well-being of suspects, customers, and Walmart associates is your first priority. Recovering merchandise or detaining a shoplifter is your second priority.

Reasonable Manner. Reasonable manner means taking just those actions that an ordinary and reasonable person would agree are necessary and justified under the circumstances.



Reasonable Period of Time. Authorized associates may not detain a suspect longer that one hour, unless the period allowed by state law is shorter, in which case the detention may not exceed the shorter period.

Restraint. This is the fourth authorized method of detention. Restraint means that authorized associates may use reasonable and minimal force necessary to limit or control the movements of a suspect. If restraint is attempted and the suspect cannot be controlled with a reasonable and minimal force, disengage from the situation, withdraw to a safe position, and contact law enforcement.

Restraint Device. Any physical object that can be used to restrain a subject. Suspects may not be detained with any restraining device such as belts, handcuffs, or zip ties.

Selection. Selection is the first of the five elements required to establish that an unlawful taking has occurred. Selection means the suspect chooses and takes possession of an item of merchandise. Observing selection is important to ensure that the suspect did not bring the merchandise in the store.

Self-defense. The associate may assume a defensive position, but must only utilize the least amount of physical confrontation necessary to protect them self and must take advantage of the first opportunity to disengage from the situation and withdraw to a safe location.

Suspect. Any person in a facility who engages in behavior that reasonably suggests that the person may be attempting to shoplift ("Suspicious Behavior") may be considered a suspected shoplifter ("Suspect") for the purpose of commencing surveillance under this policy.

Suspect – Minor. A suspect under the age of 18

Suspicious Behavior. Any behavior by a suspect that would suggest to a reasonable person that the suspect might be considering shoplifting. Authorized associates may not surveil a person, unless that person has engaged in observable suspicious behavior.
Remember that honest people sometimes engage in behavior that might strike a reasonable person as suspicious. Suspicious behavior by itself can never be used as a basis to perform a detention of a person. Persons may only be detained once they have committed an unlawful taking.

Unlawful Taking. An "Unlawful Taking" means that suspect has completed each of the five elements required by AP-09 to show that the suspect intended to unlawfully deprive Walmart of its merchandise.



**Verbal Command.** This is the second authorized method of detention. A verbal command means that an authorized associate has orally directed a suspect to take some act or to proceed to a designated area of detention.

**Verbal Request.** This is the first authorized method of detention. A request means verbally securing the consent of the suspect to cooperate in an investigation and/or to accompany the authorized associate to any area of detention.

**Violence.** The act of aggression or verbal threat of aggression to induce bodily harm or injury to a person or persons. If at any point, a detained suspect or any other involved person becomes violent, terminate your attempt to detain the suspect, disengage from the situation, withdraw to a safe position, and contact law enforcement.

**Withdrawal.** Withdrawal means physically disengaging from a confrontation with a suspect. "Opportunity for Withdrawal" means that under the circumstances an authorized associate can physically disengage from a confrontation with a suspect, without increasing the danger to him or herself or another person.

WM-OSBORNE0000467